UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH TRZECIAK, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:11cv237 JD |
| | ) |
| MATTHEW PORTER, | ) |
| Hammond Police Department, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Joseph Trzeciak, Sr., a prisoner confined at the Terre Haute Federal Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983 against five members of the Hammond Police Department and nine federal Bureau of Alcohol, Tobacco, and Firearms ("ATF") agents. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d

1074, 1086 (7th Cir. 2008). The Court must review a *pro se* plaintiff's submission more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94(2007) (per curiam).

Trzeciak alleges in his complaint that on July 26, 2004, Hammond Police Officer Matthew Porter "executed an unlawful traffic stop of the plaintiff's vehicle" (DE 1 at 3) in front of his residence, that several of the Defendants fired "tear gas canisters into the residence, which destroyed the structure by making it uninhabitable" (DE 1 at 3), forced their way into his residence without a warrant, and killed his pet animals. He also alleges that ATF agent Todd Larson planted false evidence in "an attempt to falsely incriminate the plaintiff in a crime" (DE 1 at 4).

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

Some of the Defendants are Hammond police officers, who are proper § 1983 defendants because they acted under color of state law. Other Defendants are federal ATF agents. Because federal officials do not act under color of state law, they are not subject to suit under § 1983, but a plaintiff may bring claims that persons acting under color of federal law violated his Constitutional rights in a *Bivens* Action. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3

Construing this complaint liberally, the Court will treat Trzeciak's claims against the defendant ATF agents as having been brought as a *Bivens* action.

"Actions under § 1983 and those under the principal font of direct suits, *Bivens v. Six Unknown Named Agents,* . . . are identical save for the replacement of a state actor (§ 1983) by a federal actor (Bivens)." *Bieneman v. Chicago*, 864 F.2d 463, 469 (7th Cir. Ill. 1988). "[T]he standards of liability in *Bivens* actions are similar to the standards under § 1983." *Malesko v. Correctional Services Corp.*, 229 F.3d 374, 379 (2nd Cir. 2000), reversed on other grounds, 534 U.S. 61 (2001).

The events Trzeciak complains of occurred on July 26, 2004. "Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law." *Hardin v. Straub*, 490 U.S. 536, 538; *see also Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir.2001) (because section 1983 does not contain an express statute of limitations, federal courts use the forum state's statute of limitations for personal injury claims). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2000); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983").

The statute of limitations for *Bivens* actions is also "determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Accordingly, *Bivens* claims arising in Indiana are "governed by Indiana's two-year statute of limitations for personal injuries." *Id.*

4

The clerk of this Court received Trzeciak's complaint on July 1, 2011, and Trzeciak signed his complaint on June 17, 2011 (DE 1 at 6). The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). Giving them the benefit of the inference to which they are entitled at the screening stage, this court normally accepts the date a prisoner signs his complaint as the date he delivered it to prison officials for mailing. A complaint is clearly still in the prisoner's possession the day he signs it, and it cannot have been submitted for mailing before that date. Because Trzeciak signed his complaint on June 17, 2011, the court considers any events occurring before June 17, 2009, as beyond the statute of limitations. Because the events Trzeciak complains of occurred in 2004, all his claims — with the possible exception of the claim that Defendant Larson planted false evidence in an attempt to falsely incriminate the plaintiff in a crime — are barred by the statute of limitations.

The records of this Court establish that on July 27, 2004, federal criminal charges were filed against Trzeciak arising in part from the search of his residence on July 26, 2004. *United States of America v. Joseph Andre Trzeciak*, 2:04-cr-62-PPS, DE 1. Trzeciak was convicted of count I of the charges against him on September 13, 2005 (DE 81, 84).

If the allegedly false evidence Trzeciak asserts was planted in his home by Defendant Larson was not part of the evidence used to convict him, then the statute of limitations on that claim has run. If, on the other hand, that evidence was used to convict him then his claim against Defendant Larson presently states no claim upon which relief can be granted — but may become viable if his conviction is overturned. This is because if the remedy sought in a § 1983 or *Bivens* action would

require a finding or judgment that would render a conviction or sentence invalid, a plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

The Plaintiff seeks damages from the Defendants, including Defendant Larson. But to conclude that Trzeciak is entitled to damages because Defendant Larson planted false evidence in his home that led to his conviction even though he is innocent would require a finding or judgment that his conviction is invalid. Thus, if the evidence Trzeciak alleges was planted by Defendant Larson led to his conviction, then having his conviction set aside is a prerequisite for Trzeciak to bring a damage claims against Defendant Larson in a *Bivens* action. The Court will dismiss this claim without prejudice to Trzeciak's right to refile it if he is able to have his conviction set aside.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint. The claim that Defendant Todd Larson planted false evidence in an attempt to falsely incriminate the Plaintiff in a crime is DISMISSED without prejudice to the Plaintiff's right to refile that claim if he is able to have his conviction set aside.

SO ORDERED.

ENTERED: July 14, 2011

                                                      /s/ JON E. DEGUILIO
                                                      Judge
                                                      United States District Court